The opinion of the Court was delivered at this term, by
Parker C-. J.
At a former term the respondents demurred to the bill, because other parties interested in it were not inserted, and because, as they alleged, the Court had no jurisdiction, there being a plain and adequate remedy at law. But the demurrei was overruled, the bill being amendable, if the Court should be of opinion that others ought to be made parties, at any time before a final decree, and because the relief sought is clearly within the jurisdiction given to the Court by statute ;' there being, according to the facts stated in the bill, a trust arising under a will, which is one of the few subjects distinctly committed to the chancery jurisdiction of the Court ; and it also being doubtful whether any remedy exists at law ; and, if any, it being certain that all parties interested can be heard, and their rights protected, better in this form, than in a common law action.
Several questions arise out of the facts which may be considered as proved or admitted by the bill and answer. That there was a trust created by the will for the benefit of the lineal descendants of the testator, and of the poor of the town of Framingham, there can be no doubt. Such was the manifest intention of the testator, and it is well enough expressed by the words of the will. His object seems to have been, to *525 prevent any of his descendants, for several generations, from becoming subjects of public or municipal charity. The income of the fund is to be applied to the support of any of his children, grandchildren, or great-grandchildren, who should stand in need of'support. Considering the terms made use of by the testator as descriptive of the situation of those for whom he meant to provide ; the disposition of the capital of the funds which he charged with this trust; and the public character of those he selected for the care and appropriation of the income; and also the contingent application of the funds to the poor in general of the town ; — it is very clear that the degree of necessity, which he contemplated as entitling his posterity to relief from this fund, must be such as would, if this relief were not applied, entitle them to support from the town, according to the obligation imposed upon it by the laws of the Commonwealth. The real intent of the testator was to lighten the burden of the town in the support of its poor; and he first provides for those of his own blood who might fall into that unhappy condition, supposing, no doubt, that any such who might become chargeable would have their settlement in the town of Framingham ; though, for want of a limitation in this particular, other towns may derive a benefit from a provision probably not intended for them ; for we can have no doubt, that, from the words of the will, the descendants of the testator within the degrees limited by him, wherever they may be, would be entitled to aid from this fund, when they should become subjects of public charity.
Such being the nature of the trust, we are to inquire who are the trustees appointed by the will. The fee of the real and the capital of the personal estate are by the will vested in the inhabitants of the town of Framingham ; but the income and interest of both are given to the selectmen of that town, who should be in office at the testator’s decease, and to their successors in office for ever, on the trusts above described. This separation of the capital and income, giving to one body the control of the former, and to another of the latter, creates some difficulty in ascertaining which of them, according to the real intent of the testator, is to be considered the trustee, liable to a process for a compulsory execution of the trust; but we *526 must determine this question so as best to effectuate the intention of the testator, conformably to the principles and rules of equity decisions in analogous cases.
There can be no doubt, that it was intended to vest the property in the inhabitants of the town in their corporate capacity ; the beneficial end and purpose of the bequest being eventually and substantially for their interest ; and it is not improbable that he, or the person who drew the will, was doubtful whether the selectmen, not being a corporate body, nor yet considered as private individuals, were capable of taking and holding property in trust. Indeed, they could only take-as individuals, and that was not his intention, for he evidently had regard in his confidence, not towards the members of that body individually, for he did not know who from time to time would compose it, but towards the body politic or town, which he trusted would always have discretion enough to depute substantial and careful men to that office. He intended that the selectmen from time to time should be the distributors of this bounty as agents for the town, they being ex officio overseers of the poor, when the town should omit to choose other persons specially for that office ; and he probably thought they would be the best judges of the occasions which might arise for the application of the fund 'to the support of any of his descendants. Vesting the income in them was, then, nothing more than giving them authority to receive it, when there should be occasion, and appropriate it according to his will, the town itself being the trustee or legal owner of the property, and having the custody of it and of the income of it until called for by them to execute the provisions of the will; and the town so construed the will, as appears by the manner in which the property has been managed. It is therefore necessary, that the inhabitants, in their corporate capacity, should be made parties to any suit in relation to this trust, and no decree can be passed until they have opportunity to be heard. But it is also necessary, that the present parties should remain in the bill, for, in their capacity of selectmen, they have a power over, and an interest in, the income of the fund, and without their approbation it could not be applied to the uses of the will. It is like those cases in which principals and agents are both made parties, in order that *527 the decree may reach and affect both, and also protect each from the claims or demands of the other.
There can be no doubt, we think, that, when all the parties are before us, we have, by virtue of the statute which confers equity powers on the Court, jurisdiction over the subject so as to compel an execution of the trust; for it is a trust created by will, which is expressly comriiitted to this Court by that statute, and there is not a perfect remedy at law, for the selectmen are to exercise their discretion in appropriating the proceeds uf the fund, and it is only a court of equity which can control that discretion, or compel a proper exercise of it; besides which, the peculiar state of this fund, the capital being in the hands of the town and the income under the care of the selectmen, renders it necessary that a tribunal should be resorted: to, which can order all parties in interest before them and, make such a decree as will bind and proteo all.
^But there is another question in the case, ant- nat is, whether the present plaintiffs have such an interest in the fund, in consequence of having supported the great-grandchild of the testador, as will entitle them to a decree in their favor for indemnify. We have not been able to find any case sufficiently like this to serve as a precedent. The subject matter of a trust under a will being before us, we are authorized by the statute to investigate and adjudicate upon it according to the principles and practice which govern other courts of chancery.
Bills are brought in England and in New York by creditois who are interested in any fund of their debtor which may be placed in trust, it being required as a preliminary to the filing of the bill, that judgment shall have been obtained against the debtor. M’Dermutt v. Strong, 4 Johns. Ch. Rep. 687 ; Brinkerhoff v. Brown, ibid. 671 ; Williams v. Brown, ibid 682 ; Bayard v. Hoffman, ibid. 450.
In the case before us, the plaintiffs have obtained judgment against Goodenow, the great-grandchild, for the amount of supplies which they were obliged by law to furnish him, he having fallen into distress, and having a settlement in the town of East Sudbury. This is an expense which the defendants ought to have relieved them from, out of the funds committed to them by the testator, upon notice given to them as stated m *528 the bill and not-, denied. The pauper is their debtor by judgment of court, a\d they have no other means of being reimbursed. They certainly have strong claims in equity ; and we think they m:y be enforced by a decree of this Court.
We had some question whether Goodenow should not be made a party to the bill5 we think, however, that it is not necessary.
Let the bill be amended.